Argued and submitted June 23, affirmed September 22, 1980

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK ALLEN LETCHER,
*Appellant.*

(No. C 78-03-05261, CA 12142)

616 P2d 1199

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

Defendant seeks reversal of his conviction of assault in the first degree.[1] ORS 163.185. He assigns as error the denial of a motion for a new trial based on the failure of the state to advise defendant, following defendant's request, of a prior conviction of the victim, the state's principal witness at trial. During discovery the state provided defense counsel with a CRISS computer printout indicating that the victim had two drug-related arrests, but no convictions. After the trial the victim's 1971 drug-related felony conviction was discovered in the district attorney's card case file. A recheck of the CRISS printout showed no convictions.

Defendant, who admitted shooting the victim but claimed self defense, maintains that had he had the opportunity to impeach the victim with his prior conviction, the victim's credibility would have been reduced. He does not contend that the state deliberately withheld the prior conviction, nor does he claim that the state failed to make a good faith effort to supply the prior conviction records.[2] The record contains the following:

[Defense Counsel]: "*** It turns out after trial, I made a double check at the request of my client, on whether there were any convictions. I talked to [the district attorney] before filing my motion. We ran a CRISS print-out again. The same two arrests and no convictions showed up. [The district attorney] had an idea that we would go through out cards in the back room in case there was a Multnomah County case card file that the District Attorney regularly keeps. Upon examination of that file we found the two arrests for CAID plus a conviction in 1971 for a felony involving drugs. This is new evidence that wasn't available to us at the trial. Again, it's a question of impeachment.

"* * * * *

---

[1] We do not address defendant's assignment of error relating to the denial of a motion for reversal based on the court reporter's delay in the production of the trial transcript. We denied that motion on March 13, 1980.

[2] Nor is he claiming a right to a new trial on the basis of newly discovered evidence.

"[THE COURT:] As far as the impeaching evidence, as far as the prior criminal record is concerned, if I thought the District Attorney had obscured the information I might look at it differently. I think maybe counsel for the defendant agrees the District Attorney did make a good faith effort to ascertain whether or not a criminal record did exist and went to the source that I think most of us would go to, probably the source that you would suggest the District Attorney go to when you make the request. It's true that after further investigation the District Attorney was able to find a record in its own office that would indicate that there had been a prior conviction. But no suggestion was made that in fact [the district attorney] had knowledge of that fact, actual knowledge that [the district attorney] obscured the fact. I am also somewhat impressed by the fact the information was readily available to counsel for the defendant by a search of the Circuit Court records. You did in fact find it in a public record.

"\* \* \* \* \*."

ORS 135.815 provides that the district attorney shall disclose to the defendant:

"(5) If actually known to the district attorney, any record of prior criminal convictions of persons whom the district attorney intends to call as witnesses at the trial; and the district attorney shall make a good faith effort to determine if such convictions have occurred."

The district attorney in this instance did not know of the prior conviction. He had supplied the information he had on the witness' prior arrest record. Defendant made no showing that the state's procedure in providing the computer printout was not a good faith effort to determine whether prior convictions had occurred. Therefore, the denial of defendant's motion for a new trial was proper.

Affirmed.